IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRIS DARRYL DRYE,                )
                                  )
              Petitioner,          )
                                  )
        v.                        )    1:09CV118
                                  )
ALVIN W. KELLER, JR.,             )
                                  )
              Respondent.          )

### MEMORANDUM OPINION, ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 12, 2006, in the Superior Court of Cabarrus County, Petitioner pled guilty to trafficking opium or heroin in case 05CRS54298. He was then sentenced to 70 to 84 months of imprisonment. Petitioner did not file a direct appeal. Instead, on November 5, 2007, he submitted a motion for appropriate relief in Cabarrus County. This was denied on November 21, 2007. Petitioner then filed a certiorari petition with the North Carolina Court of Appeals. That petition was denied on June 17, 2008. A later habeas corpus petition to the North Carolina Supreme Court was denied on January 8, 2009. Petitioner then submitted his habeas petition to this Court. It is dated February 5, 2009, and was received by the Court on February 11, 2009. Respondent has now filed a motion to have the petition dismissed for being time-barred.

**Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).[2] Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner's judgment was entered on April 12, 2006. He filed no direct appeal, meaning that, at the latest, his conviction became final on April 26, 2009, when his time for doing so expired. N.C.R. App. P. 4(a)(14 days to serve notice of appeal). His time to file his habeas petition began to run on that day and expired

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

[2] In certain circumstances, such as where there is a change in law or previously undiscoverable facts are discovered, the time to file can start running at a later point. All of Petitioner's claims relate to events at, or prior to, his guilty plea. The facts and law applicable to them were in existence and knowable to Petitioner at the time of his plea.

one year later on April 26, 2007.  Petitioner's federal habeas petition was not filed until February of 2009, which is well out of time.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending.  <u>Harris</u>, <u>supra</u>.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999).  However, Petitioner did not seek any state court relief between April of 2006 and April of 2007.  His first attempt at such relief was filed in November of 2007, well after his time to file in this Court under AEDPA had already passed.  State court filings submitted after the time limit has already run do not restart or revive the time to file in this Court.  <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000).  Therefore, Petitioner's filings in state court play no part in the time-bar analysis.  His petition was filed well out of time.

In his petition, Petitioner states that his petition is timely filed.  This is incorrect for the reasons just set out.  In response to Respondent's motion to dismiss, he first claims that Respondent's motion to dismiss is not a proper response to his petition because it does not address his claims for relief on their merits.  This is also incorrect.  The motion to dismiss is a perfectly appropriate response to the petition.  Petitioner also

-3-

argues that his petition is timely based on his state court filings.  Again, this contention has no merit for the reasons set out above.  His petition cannot be considered because it was not filed in a timely fashion.  It should be dismissed.

Respondent's motion to dismiss is not the only motion pending before the Court.  Petitioner has filed several motions of his own.  First, he has filed a motion to have the Court reconsider its denial of his application to proceed in forma pauperis and motion for counsel and transcripts. (Docket No. 5.)  Second, he has filed a motion to amend his petition to name Alvin W. Keller, Jr. as the Respondent in the case.  (Docket No. 6.)  Third, he has filed a motion seeking a ruling on his motion for reconsideration. (Docket No. 14.)  Finally, he has filed his own motion for summary judgment. (Docket No. 15.)  The granting of Respondent's motion to dismiss will moot the motion for reconsideration, the motion for a decision on the motion for reconsideration, and Petitioner's motion for summary judgment.  Therefore, they must be denied.  The motion to amend is proper because the original respondent in the case, Theodis Beck, retired and Keller has taken his place as the Secretary of the North Carolina Department of Correction.  The motion to amend is granted.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (docket no. 5) and motion for a decision on the motion for reconsideration (docket no. 14) are denied and that Petitioner's motion to amend (docket no. 6) is granted, and that Alvin W. Keller, Jr. is now the Respondent in the case.

**IT IS RECOMMENDED** that Petitioner's motion for summary judgment (docket no. 15) be denied.

**IT IS FURTHER RECOMMENDED** that Respondent's motion to dismiss (docket no. 8) be granted, that the petition (docket no. 2) be dismissed, and that Judgment be entered dismissing this action.


    /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

May 8, 2009

-5-

Case 1:09-cv-00118-WO-DPD   Document 16   Filed 05/08/09   Page 5 of 5